**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AYKUT COSLU,

    **Plaintiff,**

                                    **CASE NO.:**

**v.**

ANATOLIAN COLLECTIONS LLC d/b/a
EPHESUS MEDITERRANEAN DELIGHTS,

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, AYKUT COSLU, by and through undersigned counsel, brings this action against Defendant, EPHESUS MEDITERRANEAN DELIGHTS, and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1.    This is an action for damages under the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 26 U.S.C. §7434, and 29 U.S.C. § 201 et seq.

3.    Venue is proper in the Middle District, because all events giving rise to these claims arose in Sarasota County.

**PARTIES**

4.    Plaintiff is a resident of Sarasota County, Florida.

5. Defendant operates a store in Sarasota County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. Defendant continues to be an "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

11. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

12. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

13. Plaintiff has satisfied all conditions precedent, or they have been waived.

14. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

15.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

16.     Plaintiff began his employment with Defendant on or around June 14, 2025.

17.     Plaintiff worked for Defendant until on or around November 26, 2025.

### *Minimum Wage Violations*

18.     Plaintiff worked roughly seventy-four (74) hours per week for Defendant.

19.     In exchange for Plaintiff's employment, Defendant compensated Plaintiff two-thousand, five-hundred dollars ($2,500) per month, for an average of six-hundred and twenty-five dollars ($625) per week.

20.     Accordingly, Plaintiff was compensated an average of only eight dollars and forty-five cents ($8.45) per hour while working for Defendant.

21.     From June 14, 2025, until September 29, 2025, Florida's minimum wage was thirteen dollars ($13.00) per hour.

22.     As such, from June 14, 2025, until September 29, 2025, Defendant paid Plaintiff four dollars and fifty-five cents ($4.55) per hour less than Florida's minimum wage, in violation of the FMWA.

23.     During this 15-week period of time, based on Plaintiff's 74-hour workweek, Plaintiff worked a total of around one-thousand, one-hundred and ten (1,110) hours.

3

24.     Accordingly, Plaintiff is owed five-thousand and fifty dollars, and fifty cents ($5,050.50) based on minimum wage violations, for this period of time.

25.     Moreover, from September 30, 2025, until the end of Plaintiff's employment with Defendant, Florida's minimum wage was fourteen dollars ($14.00) per hour.

26.     As such, from September 30, 2025, until the end of Plaintiff's employment with Defendant, Defendant paid Plaintiff five dollars and fifty-five cents ($5.55) per hour less than Florida's minimum wage, in violation of the FMWA.

27.     During this roughly 8-week period of time, based on Plaintiff's 74-hour workweek, Plaintiff worked a total of around five-hundred and ninety-two (592) hours.

28.     Accordingly, Plaintiff is owed three-thousand, two-hundred and eighty-five dollars, and sixty cents ($3,285.60) based on minimum wage violations, for this period of time.

### *Overtime Violations*

29.     At all times material hereto, Plaintiff worked hours at the direction of Defendant.

30.     At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for all of his overtime hours at a rate equal to one and one-half times his regular hourly rate.

4

31. Defendant failed to pay Plaintiff an overtime premium for all of his overtime hours, in violation of the FLSA.

32. Based on an average week working seventy-four (74) hours, Plaintiff worked thirty-four (34) overtime hours per week.

33. Based on Florida's minimum wage, to which Plaintiff was entitled, from June 2025 until September 29, 2025, Plaintiff was entitled to an overtime premium of six dollars and fifty cents ($6.50) per overtime hour.

34. For this fifteen-week period, Defendant owes Plaintiff the following for overtime: $6.50 x 34 hours x 15 weeks = $3,315.00.

35. Additionally, from September 30, 2025, until the conclusion of Plaintiff's employment, Plaintiff was entitled to an overtime premium of seven dollars ($7.00) per hour, based on Florida's minimum wage.

36. For this roughly eight-week period, Defendant owes Plaintiff the following for overtime: $7.00 x 34 hours x 8 weeks = $1,904.00.

### *Retaliation*

37. In or around September 2025, Plaintiff complained to Defendant about not being properly compensated in accordance with the law.

38. Only around two months later, Defendant terminated Plaintiff's employment, on or around November 26, 2025.

39. Defendant terminated Plaintiff's employment in retaliation for Plaintiff having engaged in protected activity under the FMWA and the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

40.    Plaintiff realleges and readopts the allegations of paragraphs 6 through 17, and 29 through 36 of this Complaint, as though fully set forth herein.

41.    During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

42.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

43.    As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)    Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c)    An amount equal to Plaintiff's overtime damages as liquidated damages;

d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)    A declaratory judgment stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f)    All costs and attorney's fees incurred in prosecuting these claims; and

g)      For such further relief as this Court deems just and equitable.

## COUNT II – FLORIDA MINIMUM WAGE ACT

44.     Plaintiff realleges and readopts the allegations of paragraphs 12 through 28 of this Complaint, as though fully set forth herein.

45.     Plaintiff has exhausted all of his administrative and pre-suit requirements under Fla. Stat. § 448.110. Specifically, Plaintiff has notified Defendant of the deficiency in his wages in writing. In this written notice, Plaintiff identified the applicable State minimum wage at issue, provided actual dates and hours or accurate estimates of all of the periods for which minimum wage payment is sought, and listed the total amount of his alleged unpaid wages through the date of the notice.

46.     During the statutory period, Defendant did not pay Plaintiff the applicable Florida minimum wage, as Defendant was required to do under Section 24, Article X of the Florida Constitution as well as the FMWA.

47.     As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial for all issues so triable;

b)      That process issue and that this Court assert jurisdiction over these claims;

c)      Judgment against Defendant for an amount equal to Plaintiff's unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

7

d)      Judgment against Defendant, stating that its violations of the FMWA were willful;

e)      Liquidated damages in an amount equal to Plaintiff's unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

f)      To the extent that liquidated damages are not awarded, an award of prejudgment interest;

g)      A declaration that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

h)      All costs and attorneys' fees incurred in prosecuting these claims; and

i)      For such further relief as this Court deems just and equitable.

### COUNT III – FLSA RETALIATION

48.    Plaintiff realleges and readopts the allegations of paragraphs 6 through 17, 29 through 31, and 37 through 39 of this Complaint, as though fully set forth herein.

49.    During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and was not compensated for all of these hours in accordance with the FLSA.

50.    Plaintiff engaged in protected activity under the FLSA, by complaining to Defendant about Defendant's failure to compensate its employees for all wages owed to them.

51.    Shortly thereafter, Defendant terminated Plaintiff in retaliation for Plaintiff engaging in protected activity, in violation of the FLSA.

8

52. The foregoing conduct, as alleged constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

53. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgement against Defendant for an amount equal to Plaintiff's unpaid back wages;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

d) All costs and attorney's fees incurred in prosecuting these claims; and

e) For such further relief as this Court deems just and equitable.

## COUNT IV – FMWA RETALIATION

54. Plaintiff realleges and readopts the allegations of paragraphs 12 through 28, and 37 through 39 of this Complaint, as though fully set forth herein.

55. During the statutory period, Defendant failed to compensate Plaintiff in accordance with the Florida minimum wage, in violation of the FMWA.

56. Plaintiff engaged in protected activity under the FMWA, by complaining to Defendant about Defendant's failure to compensate Plaintiff at or above the Florida minimum wage.

57. Shortly thereafter, Defendant terminated Plaintiff in retaliation for Plaintiff engaging in protected activity, in violation of the FMWA.

58.     The foregoing conduct, as alleged constitutes a willful violation of the FMWA.

59.     As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a)     Judgement against Defendant for an amount equal to Plaintiff's unpaid back wages;

b)     Judgment against Defendant stating that Defendant's violations of the FMWA were willful;

c)     A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

d)     All costs and attorney's fees incurred in prosecuting these claims; and

e)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 20th day of July, 2026.

Respectfully submitted,

*/s/Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712

Email: bhill@wfclaw.com
Email: aketelsen@wfclaw.com
Email: hdebella@wfclaw.com
Counsel for Plaintiff